**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10417 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00400-EJD-1 |
| v. | |
| ANDRES GOMEZ-GUTIERREZ, AKA Andres Gutierrez-Gomez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 16, 2018
San Francisco, California

Before:  SCHROEDER, TORRUELLA,** and RAWLINSON, Circuit Judges.

Andres Gomez-Gutierrez appeals from the district court's denial of his claim

that his right to a speedy trial was violated.  He also challenges his sentence as

substantively unreasonable.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Juan R. Torruella, United States Circuit Judge for the First Circuit, sitting by designation.

The district court characterized the delay in this case as "grossly negligent," but determined that Gomez-Gutierrez is unable to establish prejudice. We agree. As the district court noted, the sentencing judge retained discretion to apply a variance to ameliorate any inequity resulting from delay. *See United States v. Booker*, 543 U.S. 220, 245 (recognizing that the guidelines are no longer mandatory). The fact that the sentencing court elected not to apply a variance for that reason does not constitute reversible error. *See United States v. Christensen*, 828 F.3d 763, 820 (9th Cir. 2015) (noting the "significant deference" given the district court's sentencing determinations).

The sentence imposed was substantively reasonable. The district court exercised its discretion to allow a third point for acceptance of responsibility over the government's objection, reducing the total offense level to 21, and resulting in a guidelines range of 70-87 months. The court then sentenced Gomez-Gutierrez to 70 months' imprisonment, the lowest end of the applicable range. A within-guidelines sentence is ordinarily considered reasonable, especially one at the low end of the range. *See United States v. Carty*, 520 F.3d 984, 994-95 (9th Cir. 2008) (en banc). Such is the case here where nothing about the case was "complex [or] unusual." *Id*. at 995.

**AFFIRMED.**